UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DELORES L. KNIGHT, ) | Case No. 1:15 CR 222 |
| ) | 1:20 CV 264 |
| ) | |
| Petitioner, ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court upon Delores L. Knight's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #252). The government filed a Response in Opposition and Petitioner filed a Reply. (ECF #255, 264). This matter is now fully briefed and ready for disposition. For the reasons set forth herein, the petition (ECF #252) is DENIED.

I.

On June 17, 2015, a grand jury charged Petitioner in an 18-count indictment with conspiracy to commit health care fraud, health care fraud, false statements relating to health care matters, aggravated identity theft, and money laundering. During trial, the government presented evidence showing that from 2007 through 2014, Petitioner conspired to commit and did commit a large-scale

health care fraud scheme against several government health care programs. On January 20, 2017, a jury found Petitioner guilty on all charged counts.

On May 17, 2017, the district court conducted Petitioner's sentencing hearing. After various enhancements, the district court concluded that Petitioner's total offense level was 34 with a criminal history of I. As such, the guideline sentencing range was 151 to 188 months. The district court sentence Petitioner to 120 months, the statutory maximum, to run concurrently on all counts, followed by three years of supervised release and a $1,200 special assessment.

Petitioner filed a timely notice of appeal, and the Sixth Circuit affirmed her conviction. Petitioner then filed a "Motion for Reduction of Sentence and Application of Amendment 749 under 18 U.S.C. Section 3582(c)(2)," which the district court denied. Petitioner filed another appeal, which the Sixth Circuit dismissed for want of prosecution. On February 6, 2020, Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255. Petitioner claims that she is entitled to relief based on ineffective assistance of counsel during her sentencing hearing and appeal. Specifically, Petitioner argues that her attorneys were ineffective because they failed to (1) object to the 3-level enhancement under U.S.S.G. § 2B.1(b)(7)(B)(ii) during the sentencing hearing; and (2) challenge the obstruction of justice enhancement under U.S.S.G. § 3C1.1 on appeal.

## II.

A.  <u>Standard for Relief Under § 2255</u>

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea

"must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

    B.    <u>Ineffective Assistance of Counsel</u>

For Petitioner to prevail on an ineffective assistance of counsel claim, she must show that her counsel's performance was deficient, and that the deficient performance prejudiced her to the extent that the proceedings were unfair and the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* Judicial scrutiny of counsel's performance must be "highly deferential," as defense counsel's competence is presumed. *Id; Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Petitioner must rebut this presumption by proving, not simply alleging, that her attorneys' representation was unreasonable under prevailing norms and that the challenged actions were not sound strategy. *Kimmelman*, 477 U.S. at 347.

### III.

    A.    <u>Failure to Object to Sentencing Enhancement</u>

Petitioner first alleges that her attorney failed to object to the application of the three level enhancement under U.S.S.G. § 2B1.1(b)(7)(B)(ii) during her sentencing hearing. Under this

enhancement, the court may increase the offense level by three levels if "the defendant was convicted of a Federal health care offense involving a Government health care program; and . . . the loss . . . to the Government health care program was . . . more than $7,000,000 . . . ." U.S.S.G. § 2B1.1(b)(7)(B)(ii). Petitioner alleges that her counsel should have objected to the three level enhancement because this enhancement became effective in 2010, and Petitioner's fraud scheme "began as early as 2005." According to Petitioner, the use of the 2016 Guidelines manual and application of this enhancement constituted an *ex post facto* enhancement on the basis that U.S.S.G. § 2B1.1(b)(7)(B)(ii) did not exist at the time of Petitioner's fraud scheme.

"Generally, the district court is instructed to apply the version of the Sentencing Guidelines that were in place at the time of a defendant's sentencing, unless applying the current Guidelines would amount to a violation of the *ex post facto* clause." *United States v. Gardiner*, 463 F.3d 445, 462 (6th Cir. 2006). "The *ex post facto* clause is implicated where a law punishes retrospectively; a law is retrospective if it changes the legal consequences of acts completed before its effective date." *United States v. Davis*, 397 F.3d 340, 347 (6th Cir. 2005). "[W]hen an offense begins before but continues after the effective date of a Guideline or amendments thereto, the most recent Guideline applies." *United States v. Buckner*, 9 F.3d 452, 454 (6th Cir. 1993).

Petitioner was convicted based on conduct that began in 2007 and continued through 2014, after the 2010 effective date of § 2B1.1(b)(7)(B)(ii). The use of the 2016 Guidelines Manual and application of § 2B1.1(b)(7)(B)(ii) was appropriate, and there was no reason for Petitioner's counsel to object to the three level enhancement. Therefore, Petitioner cannot satisfy her burden in proving that her counsel's failure to object to this enhancement was not sound strategy or was unreasonable under prevailing norms.

    B.    <u>Failure to Object to Object on Direct Appeal</u>

Petitioner also alleges that her counsel was ineffective for failing to challenge the application

of the obstruction of justice enhancement under U.S.S.G. § 3C1.1 on direct appeal. Section 3C1.1 provides for a two-level increase if a defendant willfully obstructs the administration of justice with respect to the investigation, prosecution, or sentencing of the offense of conviction, and the obstructive conduct relates to the defendant's offense of conviction and any relevant conduct or to a closely related offense. U.S.S.G. § 3C1.1. This enhancement is intended to apply to "committing, suborning, or attempting to suborn perjury," among other conduct. § 3C1.1, cmt. n. 4(B). At the sentencing hearing, the district court determined that Petitioner committed perjury during trial when she testified that she was innocent despite twenty-three other witnesses testifying to the contrary. (ECF #255, PageID 5544-46). With the two-level enhancement, Petitioner had a total offense level of 34 with a criminal history category I, resulting in a range of 151 to 188 months. (*Id.* at PageID 5547). The district court ultimately sentenced Petitioner to the statutory maximum of 120 months to run concurrently on each count. *Id.*

Petitioner's appellate counsel timely filed an appeal raising two claims: (1) that the district court erred in denying Petitioner's motion to sever; and (2) insufficiency of the evidence. (ECF #__). To show that her appellate counsel's appeal strategy was unreasonable, Petitioner "must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'" *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Petitioner's appellate counsel did not act unreasonably under prevailing norms by presenting one argument on appeal rather than another. Petitioner has made no showing that an argument challenging the two-level obstruction of justice enhancement was clearly stronger than the arguments that her appellate counsel did present. Even if the district court did not apply the two-level enhancement under § 3C1.1, Petitioner would have been subject to a guideline range of 121 months to 151 months based on an offense level of 32 and a criminal history category of I. Petitioner's 120-month sentence, which still falls below even this guideline range, would remain the same regardless

of whether the district court applied the two-level enhancement.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

## IV.

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #252) is DENIED. Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).  IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATE: May 13, 2020