IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:15 CR 222 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| DELORES L. KNIGHT, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

    This case is before the Court on Defendant, Delores Knight's Third Motion to Vacate Sentence pursuant to 28 U.S.C.§ 2255. (ECF #307). Ms. Knight previously filed a §2255 motion on February 6, 2020. (ECF #252). That motion was denied. (ECF #266, 267). She appealed the denial. (ECF #271, 272, 273). The Court of Appeals denied her a certificate of appealability. (ECF #274). Ms. Knight later filed a second Motion to Vacate under §2255. (ECF # 291). This Court transferred the second petition to the Sixth Circuit Court of Appeals as a second or successive motion, and Ms. Knight dismissed the application for want of prosecution. (ECF #294, 300). In December of 2024, Ms. Knight was granted clemency and her term of incarceration was reduced to time served, with the condition that her term of supervised release remain intact. (ECF #306).

    A petitioner serving a term of supervised release is "in custody" for purposes of 28 U.S.C. §2255. *United States v. Zack*, 1999 U.S. App. Lexis 1574, at *2. Under §2255, a defendant may

not file a second or successive motion for relief, unless they have received authorization from the court of appeals.

Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Not every second in time motion is considered a "second or successive motion" under this provision. *In re Ruffin*, 2025 U.S. App. LEXIS 24732, *2-3. "A numerically second petition is not properly termed 'second or successive' to the extent it asserts claims whose predicates arose after the filing of the original petition." *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010). In this case, Ms. Knight's claims arise from issues she claims occurred during her indictment, her trial, and her direct appeal. All of these predicate events arose before she filed her original petition for relief under §2255 in February of 2020.[1] Whether the information she cites is "newly discovered

---

[1] The "evidence" Ms. Knight cites in support of her claims is not new. She cites statements made during her trial, in her appellate briefs, and in publically available information that she knew or could have known existed prior to her original motion under §2255. All but one of the exhibits she has provided as evidence are dated prior to the date of her original §2255 filing. Many are dated prior to her trial. The only evidence she submits that is dated after her original filing in February of 2020, is a blog referencing her prosecutor's later "disbarment" hearing in 2023. She does not provide any evidence that disbarment occurred, or that it had any relation to her case. In any event, as the blog entry was dated June 14, 2023, it would have available to her more than a year prior to the filing of the current motion and would, therefore, be time barred. (ECF #307, Ex. L).

evidence" and whether that "newly discovered evidence," is sufficient to satisfy the requirements of 28 U.S.C. §2255(h)(1), is an issue that must be determined by the court of appeals.

Because Ms. Knight has failed to receive authorization from the Sixth Circuit to file this second, or successive §2255 motion, the motion may not be reviewed by the Court at this juncture. Therefore, the Clerk of Court is directed to transfer Ms. Knight's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

Donald C. Nugent
United States District Judge

Date: December 12, 2025